# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER CHARLES,
    Plaintiff,

v.

GREEN STREET COFFEE CO., *et al.*,
    Defendants.

CIVIL ACTION NO. 19-CV-4469

## MEMORANDUM

SÁNCHEZ, C.J.                                                                          OCTOBER 4th, 2019

*Pro se* Plaintiff Peter Charles has filed a Complaint using the Court's preprinted form. He has also filed a Motion to Proceed *In Forma Pauperis*. Because it appears that Charles is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, the Complaint will be dismissed without prejudice and Charles will be granted leave to file an amended complaint.

## I.    FACTS

Charles's Complaint is quite brief. He asserts he was "put out" of Green Street Coffee and Saxbys for no reason. He alleges he was not causing any disturbance, but concedes he was asked to leave because did not have any money to make a purchase. He states police were called to scene and asked him to leave. Charles alleges he complied and left when the police asked. He complains he was treated badly and was told things that "hurt [his] soul." (ECF No. 2 at 3.)[1] He also alleges that he was refused a cup of hot water to make "make believe coffee" using the available sweeteners and condiments. (*Id.*) Although Charles also lists Good Karma and the Social Security Administration as Defendants, he makes no substantive allegations against them.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II. STANDARD OF REVIEW

The Court will grant Charles leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Charles is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

2

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

### III. DISCUSSION

From the limited facts alleged in Charles's Complaint, there is no basis for the Court to exercise subject matter jurisdiction. Charles did not indicate on the Complaint form whether he seeks to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction pursuant to 28 U.S.C. § 1332. To the extent that he seeks to invoke federal jurisdiction to vindicate his "rights" against Green Street Coffee and Saxbys, the vehicle by which he may do so is Section 1983 of Title 42 of the United States Code, which provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

3

42, 48 (1988). As alleged, Green Street Coffee and Saxbys are private retailers and are therefore not "state actors" subject to liability under § 1983.

To the extent Charles seeks to bring claims on state law grounds, the parties are not completely diverse. Section 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Charles claims that he resides in Philadelphia and provides Pennsylvania addresses for all of the Defendants. Accordingly, complete diversity among the parties is facially lacking.

Because Charles has failed to meet his Rule 8 obligation to provide enough information to establish this Court's subject matter jurisdiction, the Court will dismiss his Complaint without prejudice and with leave to file an amended complaint within thirty (30) days. If Charles chooses to file an amended complaint, he is advised that he must state the basis for the Court's exercise of jurisdiction and provide sufficient information about how each Defendant acted to harm him.

BY THE COURT:

_/s/ Juan R. Sánchez_
JUAN R. SÁNCHEZ, C.J.

4