# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER CHARLES,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 19-CV-4238 |
| HOPE CAFFAE/COFFEE SHOP, *et al.*,<br>    Defendants. | : | |

| | | |
|---|---|---|
| PETER CHARLES,<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 19-CV-4469 |
| GREEN STREET COFFEE CO., *et al.*,<br>    Defendants. | : | |

## MEMORANDUM

SÁNCHEZ, C.J.                                                                 NOVEMBER 7th, 2019

In a prior Memorandum and Order entered on September 18, 2019 in Civil Action Number 19-4238 (ECF Nos. 4, 5; hereinafter "the Hope Caffae case"), the *pro se* Complaint filed by Plaintiff Peter Charles was dismissed without prejudice and Charles was granted leave to file an amended complaint. The Court similarly dismissed Civil Action Number 19-4469 with leave to amend in a Memorandum and Order entered on October 4, 2019. (ECF Nos. 4, 5; hereinafter the "Green Street Coffee case".) Charles filed a Motion to Amend and an Amended Complaint ("AC") in the Hope Caffae case on October 23, 2019 (ECF Nos. 7, 8), and a Motion to Amend in the Green Street Coffee case on the same day (ECF No. 7), which the Court will construe as an amended complaint.[1] For the following reasons, both ACs will be dismissed since Charles has

---

[1] As leave to amend was already granted to Charles, the Motions to Amend will be denied as moot.

again failed to raise any plausible claims. Having given Charles an opportunity to correct the defects the Court previously noted in his pleadings, the dismissal of each AC will be with prejudice with one exception noted below.

## I. FACTS

In the Hope Caffae case, Charles has again named numerous private businesses, hospitals, and homeless shelters claiming that they violated his civil rights by making him leave their premises. In his Motion, he claims he was denied "as a legal resident to sit in there [sic] places of business." (Civ. A. No. 19-4238, ECF No. 7 at 1.)[2] In the caption of his AC, he asserts that the was "put out" or "kicked out" of each named private businesses and shelter Defendant, and was denied medical treatment at Defendants Lankenau Hospital and Wills Eye. (*Id.*, ECF No. 8 at 1.) He alleges his civil rights were thereby compromised by each Defendant. (*Id.*) The body of the AC only describes events that occurred in the winter of 2017, when Charles was denied access to Hope Caffae/Coffee Shop — which Charles describes as a homeless shelter — after he became involved in a physical altercation. (*Id.*, ECF No. 8-1 at 1.) When he complained to the police about being barred from the premises, he was allegedly told by officers that a private shelter had the right to refuse him services. (*Id.* at 3.) Finally, he alleges that he was also "turned away" in 2018, without specifying where this occurred. (*Id.* at 4.)

In the Green Street Coffee case, Charles asserts that "I have done nothing according to the rules and regulations of the requirements 1st of the (law) and the binding rules and regulations of the business establishments as well as the Shelters. . . ." (Civ. A. No. 19-4469, ECF No. 7 at

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

1.) He also asserts that "I got force [sic] to take a needle when by behavior did not require for me to have it. I was ruffed up by Staff and placed in unsafe place of residence." (*Id.*)[3]

## II. STANDARD OF REVIEW

As the Court previously granted Charles leave to proceed *in forma pauperis* in both these civil actions, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the ACs, among other things, if they fail to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Charles is proceeding *pro se*, the Court again construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis* the Court must also dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time

---

[3] The Court notes that in the Green Street Coffee case Charles originally named as defendants "Social Security" and "Martin Law." (Civ. A. No. 19-4469, ECF No. 2.) His Motion to Amend in that case does not mention either Defendant, however he does mention in his Motion filed in the Hope Caffae case that "Martin Law" told him he does not "fit the medical requirement" to receive social security disability benefits or supplemental security income. (Civ. A. No. 19-4238, ECF No. 7 at 1.) The Court will liberally construe the averment as if it were included in the correct civil action.

[and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

A review of the AC in the Hope Caffae case shows that Charles has again failed to assert a basis for the exercise of subject matter jurisdiction. While he again asserts civil rights violations, the Court has previously explained to Charles that he may not assert claims pursuant to 42 U.S.C. § 1983 unless the defendant can be deemed to be a "state actor." *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). None of the named Defendants against whom Charles makes substantive allegations appear to be "state actors" subject to liability under § 1983. As there is no other basis for the exercise of federal question jurisdiction, the Court will not exercise supplemental jurisdiction over any state law claims. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." As Charles and each Defendant appear to be in Pennsylvania, there is no basis to exercise diversity jurisdiction.

In addition, a claim under § 1983 is subject to a two-year statute of limitations. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (holding that the timeliness of a § 1983 claim is

4

governed by the limitations period applicable to personal injury actions of the state where the cause of action arose); 42 Pa. Cons. Stat. § 5524(2) (providing two-year limitations period). Accordingly, any claim based on an incident occurring in the early winter months of 2017 would be time barred because Charles did not file this case until September 2019.

The Court reaches the same jurisdictional conclusion regarding the AC in the Green Street Coffee case as to all Defendants other than "Social Security." Each Defendant appears to be a private entity and not a "state actor" for purposes of § 1983, and there is no other basis for the exercise of federal question jurisdiction. The Court again declines to exercise supplemental jurisdiction and there appears to be no basis for the exercise of diversity jurisdiction. To the extent that Charles seeks to raise a claim against the Social Security Administration for the denial of benefits, since he does not assert that he ever actually applied for benefits, the claim is not plausible and will be dismissed without prejudice to Charles reasserting the claim in a new lawsuit.[4]

Having afforded Charles the opportunity to cure the jurisdictional defects the Court previously identified in his Complaint, and it now appearing that any further attempt at amendment would be futile, the ACs in each of these cases will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction, other than the claim against the Social Security Administration, which will be dismissed without prejudice to

---

[4] To pursue that claim under 42 U.S.C. § 405(g), Charles must first apply for benefits and exhaust the administrative process before the Social Security Administration.

the claim being reasserted in a new civil action. An appropriate Order follows.

**BY THE COURT:**

_____
JUAN R. SANCHEZ, C.J.